**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A Alston,<br><br>          Plaintiff,<br><br>v.<br><br>Midland Credit Management, et al.,<br><br>          Defendants. | No. CV-25-02196-PHX-DWL<br><br>**ORDER** |

Pro se Plaintiff filed a motion for default judgment. (Doc. 18.) Plaintiff "fails to understand the two-step process required by Rule 55." *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). To the extent that Plaintiff seeks default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the request is premature. Plaintiff has not applied for entry of default pursuant to Rule 55(a), which must be done *before* default judgment can be sought pursuant to Rule 55(b). *Phillips v. Comm'n on Character & Fitness*, 2020 WL 4003368, *1 (D. Mont. 2020) ("[E]ntry of default by the clerk under Rule 55(a) is a necessary prerequisite to an entry of default judgment under Rule 55(b). . . . Because Phillips has not obtained an entry of default, his motion for a Rule 55(b) default judgment is premature and should be denied.").

To the extent that Plaintiff intends the filing at Doc. 15 to be an application for entry of default, the docket of this removed action does not indicate that Defendants Midland Credit Management, Midland Funding LLC, and Encore Capital Group have been served. If these defendants have been served, Plaintiff must file proof of service.

Fed. R. Civ. P. 4(l). After filing proof of service, Plaintiff may submit to the Clerk of Court an application for entry of default.

Only after obtaining entry of default may Plaintiff file a motion for default judgment. Far from being a mundane procedural motion, a motion for default judgment is a case-dispositive motion which requires the Court to undertake an in-depth analysis. *See, e.g.*, *Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590 (D. Ariz. 2021); *Trident Inv. Partners Inc. v. Evans*, 2021 WL 75826 (D. Ariz. 2021). The "decision whether to enter a default judgment is a discretionary one," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and the Court considers various factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Thus, motions for default judgment—at least the successful ones—are typically fully developed, such that the Court has, from the papers, all that is necessary to grant or deny relief, with or without a hearing. 2 Gensler, Federal Rules of Civil Procedure: Rules and Commentary, Rule 55, at 119 (2018) ("A live evidentiary hearing [on damages] is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it."). *See also Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F.Supp.2d 4, 7 (D.D.C. 2012) ("While the entry of default establishes the Defendant's liability, the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain. In instances where the amount of damages is not certain, the court may hold a hearing, but is not required to do so as long as there is a basis for determining damages for purposes of the default judgment. In making an independent determination, the court may rely on detailed affidavits or documentary evidence.") (citations and internal

quotation marks omitted); *I & U Inc v. Publishers Sols. Int'l*, 2013 WL 12155691, *2 (C.D. Cal. 2013) ("Plaintiff has fallen far short of what the Ninth Circuit requires in pursuing a motion for default judgment. . . . While Plaintiff seeks to hold its factual support until oral argument, it is entirely likely that, should this motion come before the Court again, it will be decided without a hearing.").

"[D]efault judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. ***A party seeking default judgment bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the Eitel factors weigh in favor of granting default judgment.*** Plaintiff also bears the burden of demonstrating entitlement to the sought amount of damages. *Assaf v. Carp*, 2018 WL 6051514, *1 (C.D. Cal. 2018) ("On a motion for default judgment, Plaintiffs carry the burden of proving up their damages" by providing "detailed affidavits and supporting exhibits."). Plaintiff has made no effort to do so here. If and when Plaintiff obtains entry of default and again files a motion for default judgment, that motion should set forth the elements of each asserted claim, demonstrate how the facts alleged in the complaint are sufficient to satisfy each element, set forth the amount of damages sought from each defaulting defendant, and submit evidence supporting the amount of damages sought.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 18) is **denied**.

Dated this 11th day of July, 2025.

_____
Dominic W. Lanza
United States District Judge