**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A Alston,<br><br>  Plaintiff,<br><br>v.<br><br>Midland Credit Management, et al.,<br><br>  Defendants. | No. CV-25-02196-PHX-DWL<br><br>**ORDER** |

On March 28, 2025, Plaintiff filed this case in Pinal County Superior Court, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA") and other federal statutes. (Doc. 1-1 at 3-4.) On April 1, 2025, Plaintiff filed the first amended complaint ("FAC"), again asserting FDCPA, FCRA, and other federal claims. (Doc. 1-2 at 3.) On April 8, 2025, Plaintiff filed the second amended complaint ("SAC"), again asserting FDCPA and FCRA claims. (Doc. 1 at 24.)

On June 25, 2025, Defendant Synchrony Bank ("Synchrony"), improperly named as Synchrony Financial, removed this action, asserting federal question jurisdiction. (Doc. 1.)

On August 5, 2025, Plaintiff filed a motion to remand, conceding that the Court has federal-question jurisdiction but claiming that diversity jurisdiction must be established as well. (Doc. 41 at 4.) Plaintiff also argues that the unanimity requirement is not met but concedes that this is a "procedural defect" that needed to be raised "within 30 days of removal." (*Id.* at 5.)

The Court has federal-question jurisdiction and does not need diversity jurisdiction as well, and any procedural defect is time-barred.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for remand (Doc. 41) is **denied**.

**IT IS FURTHER ORDERED** that Synchrony's motion for an extension of time to respond to Plaintiff's motion to remand, which Plaintiff intended to oppose (Doc. 46) is **denied as moot**.

Dated this 15th day of August, 2025.

Dominic W. Lanza
United States District Judge