**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A Alston,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Midland Credit Management Incorporated, et al.,<br><br>　　　　　　Defendants. | No. CV-25-02196-PHX-DWL<br><br>**ORDER** |

This order addresses three pending motions: (1) a Rule 12(b)(6) motion to dismiss filed by Defendant Synchrony Financial ("Synchrony") (Doc. 14); (2) Synchrony's motion to strike Plaintiff's second response to the motion to dismiss (Doc. 36); and (3) Plaintiff's motion to compel production of state court records (Doc. 37).

**RELEVANT BACKGROUND**

On March 28, 2025, Plaintiff, who is proceeding *pro se*, filed a complaint in Pinal County Superior Court. (Doc. 1 at 2 ¶ 1. *See also id.* at 18 [referring to "the original Complaint filed on March 28, 2025"].)

On April 8, 2025, Plaintiff filed his operative pleading, the Second Amended Complaint ("SAC"). (*Id.* at 9-15.) The complaint names four defendants—Midland Credit Management, Midland Funding, LLC, Encore Capital Group, and Synchrony. (*Id.*)

On June 25, 2025, Synchrony removed the action to federal court. (Doc. 1.)

On July 8, 2025, Synchrony filed the pending motion to dismiss. (Doc. 14.)

On July 15, 2025, Plaintiff filed a response to the motion to dismiss. (Doc. 21.)

On July 22, 2025, Synchrony filed a reply. (Doc. 29.)

On July 23, 2025, Plaintiff filed a second response. (Doc. 30.)

On July 28, 2025, Synchrony filed the pending motion to strike Plaintiff's second response. (Doc. 36.) That motion is now fully briefed. (Docs. 39, 42.)

Also on July 28, 2025, Plaintiff filed the pending motion to compel production of state court records. (Doc. 37.) That motion is now fully briefed. (Docs. 43 ,44.)

**DISCUSSION**

I.    <u>Motion To Dismiss And Motion To Strike</u>

   A.    **Legal Standard**

Under Rule 12(b)(6), "to survive a motion to dismiss, a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply

1   essential elements of the claim that were not initially pled. *Id.*

2        **B.**    **The Parties' Arguments**

3        In the SAC, Plaintiff alleges that all four Defendants participated in a "scheme . . . to defraud the Plaintiff and his family" by "attempting to collect an alleged debt ending in account 6322." (Doc. 1 at 10.) The details set forth in the SAC are quite difficult to follow, but it appears that a credit card account (ending in 6322) was opened in Plaintiff's name in June 2019; that the original "financier" was non-party Comenity Bank; that Synchrony later assumed the account from Comenity Bank; that "Defendant(s)" pursued an unfounded lawsuit against Plaintiff in small claims court in 2024 related to this account; that various credit reporting agencies ("CRAs") reported that this account was subject to collection activity; and that the CRAs later "removed from Plaintiff's credit report Defendant [sic] collection activity in the amount of $2,576.00." (*Id.* at 11, 14-15.) Based on those allegations, Plaintiff asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and "pursuant to the False Declarations 18 U.S.C. § 152(3)." (*Id.* at 12.)

     In its motion, Synchrony argues that any FDCPA claim is subject to dismissal because it does not qualify as a "debt collector" under the FDCPA, as "[t]he definition of 'debt collector' . . . does not include creditors collecting their own debts." (Doc. 14 at 3-5, citing *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204 (9th Cir. 2013)). Next, Synchrony argues that any FCRA claim is subject to dismissal because the complaint "does not contain essential allegations regarding the FCRA's prerequisite dispute process." (*Id.* at 5-6.) Synchrony elaborates: "The allegations in the Complaint herein are limited to one sentence, 'The Court has subject matter jurisdiction over this action pursuant to the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681s-2.' It is unclear which defendant Plaintiff purports violated the FCRA. Plaintiff does not allege that he submitted a dispute to a CRA. He does not allege that a CRA then forwarded this dispute on to Synchrony. He does not allege that Synchrony failed to conduct a reasonable investigation of a dispute which Synchrony received from a CRA." (*Id.* at 6.) Last, Synchrony argues that any claim under

1  18 U.S.C. § 152(3) must be dismissed because § 152(3) is a criminal statute that does not
2  provide a private right of action. (*Id.* at 6-7.)

3        In his first response, Plaintiff contends that "[t]his case arises from Synchrony
4  Bank's fraudulent misrepresentations regarding PayPal credit accounts opened in
5  Plaintiff's name without his knowledge or consent and then sold the account to a debt
6  collector or debt buyer." (Doc. 21 at 1.) Plaintiff argues the motion to dismiss should be
7  denied because he "has properly alleged all six claims of fraud under Arizona law." (*Id.* at
8  1-2.) Elsewhere in his brief, Plaintiff argues that the factual allegations in the SAC are
9  sufficient to state a claim for fraud under Rule 9(b) of the Arizona Rules of Civil Procedure.
10  (*Id.* at 5-8.) Plaintiff also contends that his claims are timely under the discovery rule. (*Id.*
11  at 8-9.) Additionally, Plaintiff contends that Synchrony failed to adequately meet and
12  confer with him before filing its motion. (*Id.* at 10-11.)

13        In reply, Synchrony argues that because Plaintiff failed to respond to its FDCPA-
14  and FCRA-related arguments, Plaintiff has abandoned any claim under those statutes.
15  (Doc. 29 at 1-2.) Synchrony also contends that Plaintiff's "common law fraud" arguments
16  are unavailing because no such claim appears in the SAC. (*Id.* at 2.) Last, Synchrony
17  defends the sufficiency of its meet-and-confer efforts. (*Id.* at 3-4.)

18        In his second response, Plaintiff argues that he has stated valid claims under the
19  FDCPA and the FCRA. (Doc. 30 at 4-5.) Plaintiff also contends that he is not "attempting
20  to introduce a common law fraud theory not raised in the Complaint" and that his references
21  to "fraud" were simply meant to be references to the FDCPA and the FCRA. (*Id.* at 5-6.)
22  Plaintiff also questions the sufficiency of Synchrony's removal effort and Synchrony's
23  meet-and-confer efforts. (*Id.* at 6-9.) Last, Plaintiff clarifies that he is not asserting an
24  independent claim under 18 U.S.C. § 152(3). (*Id.* at 8-9.)

25      C.   **Analysis**

26        As an initial matter, the Court agrees with Synchrony that Plaintiff's "second"
27  response to the motion to dismiss should be stricken. LRCiv 7.2 sets forth a briefing
28  sequence in which a non-movant gets one, and only one, chance to respond to a motion,

after which the movant gets to have the final word by filing a reply. Plaintiff violated this sequence by filing one response and then, after reviewing Synchrony's reply, filing another "response" in which he belatedly attempted to address certain issues he neglected to address in his first response. This approach violated LRCiv 7.2 and eliminated Synchrony's ability to have the final word. The Court appreciates that Plaintiff is proceeding *pro se* and has liberally construed the SAC in light of his *pro se* status, but that status does not give Plaintiff license to disregard the applicable rules. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

At any rate, the SAC would be subject to dismissal even if the arguments set forth in Plaintiff's second response were considered. The Court is satisfied that Synchrony satisfied its meet-and-confer obligations before filing its motion. As for Plaintiff's FDCPA claim against Synchrony, the facts alleged in the SAC do not allow the Court to draw the reasonable inference that Synchrony is a "debt collector" withing the meaning of the FDCPA. *See generally Arthur v. Windsor Shadows Homeowner's Ass'n*, 2021 WL 1208962, *4 (D. Ariz. 2021) ("The FDCPA only applies to 'debt collectors,' and a creditor is not a 'debt collector' when it attempts to collect its own debt."). Putting aside that the SAC pleads very few facts and makes it difficult to decipher which Defendant is accused of which conduct, the SAC does not allege that the principal purpose of Synchrony's business is debt collection or that Synchrony regularly collects or attempts to collect debts owed or due or asserted to be owed or due another. *Schlegel*, 720 F.3d at 1208-10.

Next, as for Plaintiff's FCRA claim against Synchrony, Plaintiff clarifies in his second response that this was intended to be a claim under 15 U.S.C. § 1681s-2. (Doc. 30 at 5.) That claim "fails because [Plaintiff] does not allege that he contacted an agency to dispute his reported debt to [Synchrony] (the furnisher), that the agency then notified [Synchrony] of the dispute, and that [Synchrony] failed to investigate—the process

1  required by the provisions of the FCRA." *Perkins v. TimePayment Corp.*, 2020 WL
2  5645212, *2 (D. Ariz. 2020). *See also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d
3  1147, 1154 (9th Cir. 2009) ("Section 1681s–2(b) imposes a second category of duties on
4  furnishers of information . . . [but t]hese duties arise only after the furnisher receives notice
5  of dispute from a CRA; notice of a dispute received directly from the consumer does not
6  trigger furnishers' duties . . . .").

7  Next, as for the SAC's reference to 18 U.S.C. § 152(3), Synchrony correctly notes
8  that no private right of action exists under this criminal statute and Plaintiff has, in any
9  event, clarified in his second response that he did not intend to assert a standalone claim
10 under this statute.

11 Finally, to the extent Plaintiff argued in his first response (but not his second
12 response) that he has stated a valid claim for common law fraud under Arizona law, that
13 argument is unavailing because no such claim is pleaded in the SAC.

14 **D.    Leave To Amend**

15 Plaintiff seeks leave to amend in the event of dismissal. (Doc. 21 at 1, 9; Doc. 30
16 at 9.)

17 "Dismissal of a pro se complaint without leave to amend is proper only if it is
18 absolutely clear that the deficiencies of the complaint could not be cured by amendment."
19 *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks
20 and citation omitted). Given this standard, although the Court is skeptical that Plaintiff
21 will be able to plead additional facts to cure the deficiencies identified above, it will give
22 him one final opportunity to do so.

23 Any Third Amended Complaint ("TAC") must adhere to all portions of LRCiv 7.1.
24 Additionally, the TAC must satisfy the pleading requirements of Rule 8 of the Federal
25 Rules of Civil Procedure. Specifically, "[e]ach allegation must be simple, concise, and
26 direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its
27 claims or defenses in numbered paragraphs, each limited as far as practicable to a single
28 set of circumstances."). Where a complaint contains the factual elements of a cause, but

- 6 -

those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

If the TAC fails to comply with the Court's instructions as provided in this Order, Plaintiff's claims against Synchrony may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant leave to file another amended complaint if the TAC is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

II. <u>Motion To Compel Production Of State Court Records</u>

In his "motion to compel production of state court records," Plaintiff argues that Synchrony "failed to comply with the proper removal procedures when transferring this matter from state to federal court pursuant to LRCiv 3.6" because it failed to provide a certified copy of the entire state court record. (Doc. 37 at 1-2.) As a remedy, Plaintiff seeks, *inter alia*, an order requiring Synchrony to provide the entire state court record "within 30 days of the Court's order." (*Id.* at 4-5.) In response, Synchrony argues that to the extent Plaintiff's motion was meant to function as a discovery request, it is "untimely and procedurally improper"; that Plaintiff has not, at any rate, demonstrated any prejudice; and that "[r]egardless, to ease the burden on the Court and resolve this issue, Synchrony will file the entirety of the state court record as soon as it can be obtained from the Pinal County Superior Court." (Doc. 43 at 1.) In reply, Plaintiff argues that his motion was procedurally proper, disputes some of Synchrony's assertions, and requests various forms

of relief. (Doc. 44.) Finally, on August 15, 2025, Synchrony filed a notice that it had "ordered the entirety of the Superior Court's file and will file it in a further supplemental notice once it has received same from the Superior Court." (Doc. 47.)

Given these developments, there is no need for judicial intervention at this time—Synchrony is in the process of obtaining and filing the additional state court records and Plaintiff's motion simply requested an order requiring Synchrony to obtain and file those records within 30 days. Accordingly, Plaintiff's motion is denied, but the denial is without prejudice to Plaintiff's ability to seek further relief should Synchrony not file the additional records within 30 days of the issuance of this order.

Accordingly,

**IT IS ORDERED** that:

1. Synchrony's motion to dismiss (Doc. 14) is **granted**. The claims in the SAC against Synchrony are dismissed with leave to amend.

2. Synchrony's motion to strike (Doc. 36) is **granted**. Plaintiff's second response to the motion to dismiss (Doc. 30) is **struck**.

3. Plaintiff's motion to compel production of state court records (Doc. 37) is **denied without prejudice**.

4. Plaintiff may, within 14 days of the issuance of this order, file a TAC. The TAC may include only changes from the SAC that are intended to remedy the deficiencies identified in this Order. If Plaintiff chooses to file a TAC, he must also file, as an exhibit, a redlined version that indicates how the TAC differs from the SAC.

Dated this 25th day of August, 2025.

Dominic W. Lanza
United States District Judge