**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A Alston, | No. CV-25-02196-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Midland Credit Management, et al., | |
| Defendants. | |

On March 28, 2025, Plaintiff, who is proceeding *pro se*, filed a complaint in Pinal County Superior Court. (Doc. 1 at 2 ¶ 1.) On April 8, 2025, Plaintiff filed a Second Amended Complaint ("SAC") in which he named four defendants—Midland Credit Management, Midland Funding, LLC, Encore Capital Group, and Synchrony. (*Id.* at 9-15.) Synchrony then removed the action to federal court and filed a motion to dismiss. (Docs. 1, 14.) On August 25, 2025, the Court granted Synchrony's motion but also granted Plaintiff leave to amend. (Doc. 52.) Afterward, Plaintiff filed a Third Amended Complaint ("TAC"). (Doc. 53.)

On October 15, 2025, Synchrony moved to dismiss the TAC. (Doc. 58.)

On October 20, 2025, Plaintiff filed a motion to compel arbitration and stay this action. (Doc. 59.) Plaintiff did not separately file a response to Synchrony's motion to dismiss, although the "Prayer for Relief" in Plaintiff's motion to compel arbitration and stay the action includes a request to "Deny Synchrony Bank's Motion to Dismiss With Prejudice." (*Id.* at 11.)

1    On October 30, 2025, Synchrony filed a "notice of no response" requesting that its
2 motion to dismiss be summarily granted. (Doc. 60.)[1] In a footnote, Synchrony also
3 observes that "Plaintiff's initiation of this lawsuit, his subsequent amended pleadings, and
4 his significant motion practice collectively suggest that Plaintiff has waived any right to
5 arbitration." (*Id.* at 1 n.1.)

6    "[T]he filing of a motion to stay does not impact the obligation to proceed; only an
7 order granting such relief imposes a stay." *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087,
8 1094 (D. Nev. 2022). Nevertheless, it is common for parties to assume (incorrectly) that a
9 motion for a stay, filed before the expiration of a pending deadline, effectively stays that
10 deadline until the stay motion is resolved. A party that wishes to delay a deadline during
11 the pendency of a stay request can properly request such relief via a motion to extend that
12 deadline—relief courts often grant to maintain the status quo during the pendency of the
13 stay request. *See, e.g.*, *Travelers Indem. Co. v. McKinstry Co., LLC*, 2025 WL 1089525,
14 *2 (W.D. Wash. 2025) ("During the pendency of the motions to stay, McKinstry and Sellen
15 moved for two extensions to their deadline to answer Travelers's complaint. Judge
16 Vaughan initially extended these Defendants' deadline to answer until January 20, 2025,
17 then re-extended the deadline to a date 14 days after the Court's adjudication of the motions
18 to stay.") (citation omitted).

19    Because Plaintiff failed to request a deadline extension, Plaintiff's request for a stay
20 did not relieve Plaintiff of the requirement to respond to Synchrony's motion to dismiss,
21 and that motion could be granted summarily at this juncture. *See* LRCiv 7.2(i) ("[I]f the
22 unrepresented party . . . does not serve and file the required answering memoranda, . . .
23 such non-compliance may be deemed a consent to the . . . granting of the motion and the
24 Court may dispose of the motion summarily."). However, before dismissing on this basis,
25 "the district court is required to weigh several factors: (1) the public's interest in
26 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
27 of prejudice to the defendants; (4) the public policy favoring disposition of cases of their

---

[1] This request should have been made by motion. Fed. R. Civ. P. 7(b)(1).

merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Considering that Plaintiff, proceeding *pro se*, filed a motion to stay this action before the deadline to respond to the motion to dismiss expired, summarily granting the motion to dismiss appears unduly harsh. There is no risk of prejudice to Synchrony, as the deadline to respond to the motion to dismiss elapsed only two days ago. The public policy favoring disposition of cases of their merits favors allowing the motion to dismiss to become fully briefed and decided on its merits. Finally, an informal admonition is an available less drastic sanction, and this order serves that purpose.

Furthermore, the Court is able to resolve the pending motion to compel arbitration without full briefing because it does not provide a valid basis for denying Synchrony's motion. As Synchrony correctly notes in its "notice," Plaintiff has waived the right to compel Defendants to submit to arbitration under these circumstances. *See, e.g., Prudential-Bache Securities, Inc. v. Stevenson*, 706 F. Supp. 533, 536 (S.D. Tex. 1989) ("Plaintiff cannot invoke the jurisdiction of the Court, permit six months to pass, and then seek an alternative forum by a motion to compel arbitration."); *Bolo Corp. v. Homes & Son Const. Co.*, 464 P.2d 788, 792 (Ariz. 1970) ("We hold that when this plaintiff sought redress through the courts, in lieu of the arbitration tribunal, and asked the court for exactly the same type of relief (i.e. damages), which an arbitrator is empowered to grant, it waived the right to thereafter arbitrate the controversy over the protest of the defendant."); *Sussman v. Goldberg*, 210 N.Y.S.2d 912 (N.Y. Sup. Ct. 1960) ("By bringing suit, a plaintiff generally irrevocably waives and abandons any right to arbitration. Unless compelled to do so, he cannot later change his mind and compel arbitration once he has waived it by bringing the action.").

Accordingly,

**IT IS ORDERED** that:

1. The "Notice of No Response" (Doc. 60) is construed as a motion to summarily grant Synchrony's motion to dismiss and is **denied**.

2. Plaintiff's motion to compel arbitration (Doc. 59) is **denied**.

1        3. Plaintiff's deadline to respond to Synchrony's motion to dismiss (Doc. 58) is *sua sponte* extended to **November 14, 2025**.  Failure to respond by this deadline will result in dismissal of Plaintiff's claims against Synchrony.

Dated this 31st day of October, 2025.

_____
Dominic W. Lanza
United States District Judge