Law Offices
HINSHAW & CULBERTSON LLP
2375 E. Camelback Rd.
Suite 410
Phoenix, AZ 85016
602-631-4400
602-631-4404
blarsen@hinshawlaw.com
msmith@hinshawlaw.com

Brett B. Larsen (034825)
M. Victoria Smith (036334)
Attorneys for Defendants Midland Credit Management, Inc., Midland Funding LLC and Encore Capital Group

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Alston,<br><br>  Plaintiff,<br><br>  v.<br><br>Midland Credit Management, Inc.; Midland Funding LLC; Encore Capital Group; and Synchrony Financial,<br><br>  Defendants. | Case No. 2:25-cv-02196-PHX-DWL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** |

Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group (collectively, "Defendants"), by and through undersigned counsel, hereby responds to Plaintiff's Motion to Compel Arbitration and Stay Proceedings (Doc. 59)[1] as follows:

**I. INTRODUCTION**

Plaintiff moves this Court to compel arbitration of all claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and to stay these proceeding pending completion of arbitration. Defendants do not oppose Plaintiff's request to compel arbitration and agree that the claims asserted fall within the scope of the arbitration clause contained in the

---

[1] Defendants attempted to link their Response to Doc. 59, but the database does not set forth Plaintiff's Motion to Compel Arbitration and Stay Proceedings (Doc. 59) to be linked and/or associated with.

applicable Synchrony Bank/PayPal Credit Terms and Conditions. However, Defendants respectfully request that the Court dismiss this action without prejudice rather than stay it. Dismissal will promote judicial efficiency, conserve resources, and will allow Plaintiff to initiate arbitration in accordance with the parties' agreement consistent with federal precedent.

**II. FACTUAL BACKGROUND**

On or about June 25, 2016, Plaintiff opened a PayPal credit account issued by Synchrony Bank, account ending in 3850 ("Account"). (*See generally* 3d Am. Compl. Doc. No. 53 at ¶¶ 18-19.) Plaintiff asserts that the Account was governed by written Terms and Conditions ("Agreement") that included a binding arbitration provision. (Doc. No. 59 at ¶¶ 12-14.) Plaintiff further states that Agreement applied to any dispute relating to the Account transaction or its credit reporting, including those involving the creditor's successors or assignees. (*Id.* at ¶ 24-28.) Following the origination of the Account, Plaintiff contends that the Account balance was transferred from the original Account ending in 3850 to a new PayPal ending in 6322. (Doc. No. 53 at ¶ 20.) On or about August 19, 2023, Defendants purchased the Account ending in 6322 from Synchrony Bank acquiring all rights, title, and interests in the Account. (*Id.* at ¶ 21.) As the current holder of the Account, Defendants stand in the shoes of the original creditor and may enforce the terms of the Agreement, including the arbitration provision.

Plaintiff filed his Third Amended Complaint on September 4, 2025 alleging that Defendants violated the Far Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a), and A.R.S. § 12-548 in connection with efforts to collect and report a account originally opened with Synchrony Bank/PayPal Credit. (Doc. No. 53.) Defendants filed their Answer on September 25, 2025, denying the allegations. (Doc. No. 57.) On October 20, 2025, Plaintiff filed this Motion to Compel Arbitration and Stay Proceedings, citing the arbitration clause contained in the Synchrony Bank/PayPal Credit Terms and Conditions. Defendants do not dispute the validity or enforceability of the arbitration clause and agree that Plaintiff's claims against them fall

within the scope of the agreement. Therefore, Defendants do not oppose the motion to compel arbitration but respectfully requests that this matter be dismissed without prejudice to allow Plaintiff to refile in the proper arbitration forum.

### III. LAW AND ARGUMENT

The Federal Arbitration Act ("FAA") governs arbitration agreements in contracts involving transactions in interstate commerce. 9 U.S.C. § 1. The FAA further establishes a "liberal federal policy favoring arbitration agreements." *See Epic Sys. Corp. v. Lewis*, Nos. 16-285, 16-300 & 16-307, 2018 U.S. LEXIS 3086, at *12 (May 21, 2018); *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 337 (2011); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The FAA stands as "a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone*, 460 U.S. at 24; *see also Concepcion*, 563 U.S. at 338. It expressly provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Arbitration agreements therefore must be enforced according to their terms, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25.

A district court must grant a motion to compel arbitration where "a valid agreement to arbitrate exists" and the "agreement encompasses the dispute at issue." *Jones v. GMC*, 640 F. Supp. 2d 1124, 1128 (D. Ariz. 2009) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "[The] party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

### IV. ARGUMENT

#### A.    Defendants Do Not Oppose Compelling Arbitration

Defendants agree that the arbitration provision contained in the Agreement is valid and enforceable, and that it covers the claims asserted by Plaintiff, including those brought under the FDCPA, FCRA, and A.R.S. § 12-548. Defendants therefore do not oppose Plaintiff's

motion to compel arbitration. All of Plaintiff's allegations arise from the same contractual relationship and alleged collection or credit activity relating to the Account. The arbitration agreement expressly contends to "credit reporting" and "collection of amounts due by our assignees, service providers, or agents and the manner of collection," which encompasses the claims asserted against Defendants. Accordingly, arbitration is the proper forum for resolution to all issues in this case.

### B. Court Should Dismiss Action Instead of Staying It.

The Supreme Court has interpreted the FAA as requiring district courts to direct the parties to proceed with arbitration whenever a dispute is subject to arbitration. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). When arbitration is compelled and all issues will be decided during the arbitration, district courts can dismiss the case in its entirety. *See Altela Inc. v. Ariz. Sci. & Tech. Enters. LLC*, No. CV-16-01762-PHX-DGC, 2016 U.S. Dist. LEXIS 117370, at *24 (D. Ariz. Aug. 31, 2016). Here, all of Plaintiff's claims must be arbitrated and all issues will be decided during arbitration. Accordingly, the Court should dismiss the instant lawsuit.

### C. Arbitration Forum and Costs

Defendants note that the Account Agreement provides for arbitration under an established provider. Defendants respectfully request that, if the Court compels arbitration, the proceeding be administered by the American Arbitration Association ("AAA"). This request aligns with the governing Agreement and ensures that arbitration proceeds efficiently and fairly. Further, as provided in the Agreement, Defendants will pay all filing, administration, and arbitrator fees associated with the arbitration.

### V. CONCLUSION

For the foregoing reasons, Defendants do not oppose Plaintiff's Motion to Compel but respectfully request that the Court dismiss this action without prejudice, thereby allowing the Plaintiff to proceed with arbitration.

///

///

DATED this 3rd day of November, 2025.

          HINSHAW & CULBERTSON LLP

/s/M. Victoria Smith
Brett B. Larsen
M. Victoria Smith
*Attorneys for Defendants Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group*

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of November 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and e-mail and U.S. Mail to the following if non-registrants:

Michael A. Alston
1370 East Cottonwood Road
San Tan Valley, AZ 85140
alston@mediacombb.net
*Plaintiff Pro Se*

Adam T. Reich, Esq.
Andrew Jacobsohn, Esq.
**Womble Bond Dickinson (US) LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
adam.reich@wbd-us.com
andrew.jacobsohn@wbd-us.com
*Attorneys for Defendant Synchrony Bank*

By: /s/ Candice J. Cromer

1086949\326846316.v1